IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

*Civil Action No.: 1:13-cv-02219-RPM*

ATIGUN, INC., an Alaska corporation,

       Plaintiff,

v.

PREMIER OILFIELD EQUIPMENT COMPANY,
a Delaware corporation;
TIGER OILFIELD TANK COMPANY, LLC, f/k/a
DELTA OILFIELD TANK CO., LLC, a Colorado
limited liability company; and
HY-TECH TRUCK & TRAILER MANUFACTURING, LLC,
a Colorado limited liability company, and
GARY HARMS, JR.,

       Defendants.

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

       Upon joint motion of the Parties for entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of Confidential Information, the Court FINDS that the parties seek to expedite the flow of disclosure and discovery material; to facilitate the prompt resolution of discovery disputes; and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing or confidentiality interests. Thus, all of the parties, through their respective counsel, have stipulated to the entry of a Confidentiality Agreement and Protective Order.

       Accordingly, the Court ORDERS:

1. <u>Scope</u>. Entry of this Confidentiality Agreement and Protective Order (the "Protective Order") is proper to protect against the use or disclosure of Confidential Information outside the scope of this litigation which could result in significant injury to business or privacy interests of one or more of the Parties or of non-parties. Therefore, the parties will follow the procedures set forth in this Protective Order with respect to disclosure of information, documents, or things in this litigation.

2. <u>Confidential Information</u>.

(a) As used in this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, material, document, or thing that a party (the "Designating Party") furnishes in the course of this litigation and designates as CONFIDENTIAL INFORMATION pursuant to paragraphs 2(b) to (d) below. A Designating Party may designate CONFIDENTIAL INFORMATION based upon a reasonable and good faith belief that the designated information, material, document, deposition testimony or thing constitutes confidential, non-public, commercial/business, proprietary and/or trade secret information. Information, material or documents may include "originals" or "duplicates" of any "writings and recordings" or "photographs" as defined in Fed. R. Evid. 1001, and may include any computer hard drives, portable hard drives, electronically stored information (ESI), facts, testimony, information or things requested or necessary for production under the Federal Rules of Civil Procedure during discovery in this lawsuit.

(b) A Designating Party may designate its disclosed documents, answers to interrogatories, responses to requests for admissions, deposition testimony, any documents produced in response to a request for production of documents, subpoena *duces tecum*, or

otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, or in the case of deposition testimony as set forth in Section 2(d) below, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Protective Order.

      (c)     In the case of CONFIDENTIAL INFORMATION in a non-paper medium, *e.g.*, video or audio tape, or electronically stored information ("ESI") on computer discs, CD-ROMs, DVDs, hard drives, *et cetera*, a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

      (d)     To designate a portion of a deposition as CONFIDENTIAL INFORMATION, a Designating Party may either make a statement on the record to that effect or must, within thirty days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period. The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Protective Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

(e) Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

(i) is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party (unless the Recipient Party obtained the information from a third-party which had a duty or obligation to preserve the confidentiality of the information, or unless the Recipient Party otherwise obtained the information by whatever means despite the non-public, private, and/or confidential nature of the information); or

(ii) has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party (unless the nature of the information obtained by the third-party was non-public, private, and/or confidential and the third-party was aware of such nature of the information).

(f) Inadvertent production of any information, material, document, transcript, or thing without a designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, material, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party or Recipient Parties within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced

inadvertently without an appropriate initial designation of confidentiality, the Recipient Party or Recipient Parties shall thereafter

      (i)    treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Confidentiality Order, and

      (ii)    shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(g)    CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

      (i)    the attorneys for the Recipient Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

      (ii)    officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

      (iii)    court reporters, deposition videographers, mediators, judges, and the staff for the judges;

      (iv)    experts, consultants and investigators and their staffs who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement in the form attached as Exhibit A; and

(v) any other non-party witnesses or deponents who have executed a Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on the record to maintain the confidentiality of the material.

(h) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this litigation. All such copies or reproductions shall be subject to the terms of this Protective Order.

(i) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 2(g) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

(j) All parties shall use their best efforts to protect the confidentiality of any CONFIDENTIAL INFORMATION, regardless of which party designated the information as CONFIDENTIAL.

3. Use of Confidential Information.

(a) CONFIDENTIAL INFORMATION received by any of the persons in the categories listed in paragraphs 2(g) above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Protective Order shall prevent the Designating Party from any use of its own CONFIDENTIAL INFORMATION.

(b) CONFIDENTIAL INFORMATION provided to a Recipient Party shall be securely maintained in the offices of that party's legal counsel. CONFIDENTIAL

INFORMATION may not be disclosed to the persons described in paragraphs 2(g)(iv) and (v) above ("Qualified Persons"), unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony or evidence in the course of this litigation. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information.

(c)   Each party, or counsel for each party, shall keep a list of individuals who have signed Exhibit A or who otherwise agreed to be bound by this Protective Order. Each party's counsel shall maintain a log of all copies of CONFIDENTIAL INFORMATION in document form which are delivered to any one or more Qualified Persons, other than counsel and the clerical, secretarial and other staff employed or retained by such counsel. The log shall contain the name and address of the person to whom CONFIDENTIAL INFORMATION was disclosed, and shall identify under what provision of this Protective Order the person is a Qualified Person. The log shall not be discoverable in this case or other litigation. A Party may request the Court to make an *in camera* inspection of another Party's log only if there are allegations of breach of this Protective Order.

(d)   Any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order.

4.   <u>No Waiver</u>. The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret, any intellectual property, or any proprietary interest, privilege, confidentiality, or

other rights to or in such information. In addition, the inadvertent production or disclosure of any document or communication that is subject to an attorney/client or other privilege, or to the work product doctrine, will not be deemed a waiver of such privilege or doctrine, provided that the party entitled to assert such privilege or doctrine promptly notifies the party to whom such disclosure or production was made that the disclosure or production was inadvertent and that the privilege or doctrine is not waived.

   5. <u>Use in Depositions</u>. CONFIDENTIAL INFORMATION may be used at a deposition if:

   (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or

   (b) the witness executes the Confidentiality Agreement in the form attached as Exhibit A. If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

   6. <u>Use in Briefs and as Exhibits</u>. If any information designated as CONFIDENTIAL INFORMATION is to be filed as an exhibit to any court record or pleading, or otherwise placed among papers filed with the Court in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal Subject to PROTECTIVE ORDER."

   7. <u>Application of this Protective Order</u>.

(a)     This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION, or any other material designated as such, including memoranda or work product prepared by counsel, their staffs, Qualified Persons, or other authorized outside consultants or experts.

(b)     Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling concerning the status of CONFIDENTIAL INFORMATION. Compliance with the terms of this Protective Order is without prejudice to a party's right to request rescission, modification, alteration, or amendment this Protective Order with respect to specific documents or information. Nothing in this Protective Order shall effect or abridge the privileges of any party or its counsel with respect to attorney work product or mental impressions of legal counsel concerning CONFIDENTIAL INFORMATION.

8.     <u>Confidentiality Challenge</u>. Nothing in this Protective Order shall prevent or prejudice any party from seeking a determination that information, materials, documents or things designated as CONFIDENTIAL are not properly so designated, or that such information should be available beyond the terms of this Protective Order. If a dispute arises regarding a CONFIDENTIAL designation, the Recipient Party and Designating Party shall make a good faith effort to resolve the dispute without intervention of the Court. If the effort is unsuccessful, however, the Recipient Party may move the Court for a ruling that a transcript, document or

category of documents designated as CONFIDENTIAL is not entitled to such protection under Fed. R. Civ. P. 26(c). The material in question shall be treated as CONFIDENTIAL under the terms of this Protective Order until such time as the motion can be heard and determined by the Court. No party shall be obligated to dispute the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. <u>Confidential Information at Hearing or Trial</u>. The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at a hearing or a trial of this litigation. Nothing in this Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, materials, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, shall be determined in the future.

10. <u>Specific Disclosure</u>. By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Protective Order regarding other uses of that CONFIDENTIAL INFORMATION.

11. <u>Modification</u>. This Protective Order may be modified only by subsequent written Order of the Court *sua sponte*, or by motion for good cause shown.

12. <u>Non-Parties</u>. A non-party who produces any information, documents or things in this litigation that the non-party wishes to be treated as confidential may become a party to the Protective Order, by giving prompt notice to all other parties in this case, but doing so shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party. A non-party may also designate as CONFIDENTIAL any information, materials, documents, or things produced by that non-party in this litigation pursuant to the terms of this Protective Order.

13. <u>Return or Destruction of Confidential Information</u>. After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION that the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within 30 days of a written request from the Designating Party, which notice shall be given within 30 days after said final disposition of this case.

14. <u>Binding Pending Entry</u>. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending entry of an alternative thereto.

15. <u>Sanctions</u>. The Court may impose any sanction for violation of this Protective Order which it is empowered to impose for violations of its orders generally.

16. <u>Service on New Parties</u>. If any new parties are added to this litigation subsequent to the date of this Protective Order, a copy of this Protective Order shall be served along with the Summons and Complaint, or Cross-Complaint, or Third Party Complaint, if any, and proof of service shall be filed with the Court.

Dated at Denver, Colorado, this 30th day of January, 2014.

BY THE COURT:

*Richard Matsch*
United States District Court Judge

**STIPULATED AND AGREED TO:**

By: *s/ Paul D. Godec*
Paul D. Godec
Jonathan M. Abramson
Richard P. Kissinger
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Drive, #900
Denver, Colorado 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
Email: paul@kandf.com
jonathan@kandf.com
rick@kandf.com
*Attorneys for Plaintiff Atigun, Inc.*

By: *s/ Justin D. Heideman*
Justin Douglas Heideman
Heideman McKay & Heugly, PLLC
2696 North University Avenue, #180
Provo, Utah 84604
Telephone: 801-812-1000
Facsimile: 801-374-1724
Email: jheideman@hmho-law.com
*Attorneys for Defendants Hy-Tech Truck & Trailer Manufacturing, LLC, Tiger Oilfield Tank Company f/k/a Delta Oilfield Tank Co., LLC and Gary Harms, Jr.*

By: *s/ Kieran A. Lasater*
Kieran Anthony Lasater
Craig Norris Johnson
Fairfield & Woods, P.C.
1801 California St., #2600
Denver, Colorado 80202
Telephone: 303-830-2400
Facsimile: 303-830-1033
Email: cjohnson@fwlaw.com
klasater@fwlaw.com
*Attorneys for Defendant Premier Oilfield Equipment Company*

## EXHIBIT A
## AFFIDAVIT

STATE OF COLORADO    )
                     )  ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in *Atigun, Inc. v. Premier Equipment Company, et al.*, Civil Action No. 1:13-cv-02219-RPM.

    2.    I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

    _____
    (Signature)

    _____
    (Print or Type Name)
    Address:    _____

    Telephone No.: _____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2014, by _____.

    WITNESS my hand and official seal.
    My Commission Expires:

    _____
    Notary Public

[S E A L]