**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 13-cv-02219-RPM

ATIGUN, INC., an Alaska corporation,

    Plaintiff,

v.

PREMIER OILFIELD EQUIPMENT COMPANY, a Delaware corporation;
TIGER OILFIELD TANK COMPANY, LLC, f/k/a DELTA OILFIELD TANK CO., LLC,
a Colorado limited liability company;
HY-TECH TRUCK & TRAILER MANUFACTURING, LLC, a Colorado limited liability
company;
ALTIRA TECHNOLOGY FUND V, L.P., a Delaware limited partnership;
TRIPLE S IRREVOCABLE TRUST FUND;
GARY HARM, JR. an individual; and
CINDY HARMS, an individual,

    Defendants.

---

## ORDER ON MOTIONS TO DISMISS

---

In this civil action, Plaintiff Atigun, Inc. asserts ten claims for relief against Defendants arising from a failed transaction concerning tanks used in hydraulic fracturing. [Doc. 25 at 9-20.] Defendants have moved to dismiss Atigun's Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims for Relief. [See Docs. 43, 45, 46.] The Court carefully reviewed Defendants' motions and Atigun's Combined Response thereto, and reaches the following conclusions taking the well-pleaded allegations in Atigun's Third Amended Complaint as true and construing them in Atigun's favor.

Atigun's Fourth Claim for Relief seeks rescission of the parties' tank purchase agreement. Rescission is impossible at this point, and in any event, it is inconsistent with Atigun's other theories of recovery asking the Court to affirm the parties' agreement. See Trimble v. City and County of Denver, 697 P.2d 716, 722-23 (Colo. 1985).

Atigun's Sixth and Eighth Claims for Relief seek damages for unfair trade practices and fraudulent transfer, respectively, under Alaska law. Colorado has the "most significant relationship" to Atigun's allegations; accordingly, Colorado law governs this action, to the exclusion of Alaska law.

Atigun's Seventh Claim for Relief is brought under the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-105. Atigun has not plausibly shown, as it must to sustain a CCPA claim at this stage, Rhino Linings USA, Inc. v. Rocky Mtn. Rhino Lining, Inc., 62 P.3d 142, 146-47, 150 (Colo. 2003), that Defendants' practices significantly impact the public as actual or potential consumers of Defendants' goods or services.

Atigun's Ninth Claim for Relief is brought under the Colorado Uniform Fraudulent Transfer Act ("CUFTA"), Colo. Rev. Stat. § 38-8-105. Defendant Altira Fund has moved to dismiss this claim, arguing that it is not a "transferee" under CUFTA. [Doc. 43 at 4-6.] Defendant Premier Oilfield Equipment Company also seeks dismissal of this claim on the basis that Atigun has not plausibly shown that Premier acted with intent to defraud Atigun. [Doc. 45 at 15-18.] The allegations concerning Defendants' Asset Purchase Agreement, construed in Atigun's favor, plausibly show that Altira Fund was a transferee pursuant to the Agreement; and that Premier acted with actual intent to defraud.

Atigun's Tenth Claim for Relief seeks recovery under a constructive fraud theory. Atigun has failed to plausibly show that the parties' arms-length transaction created a special relationship between the parties or imposed a heightened duty that Defendants owed Atigun.

Upon the foregoing, it is

ORDERED that Altira Fund's Motion to Dismiss [Doc. 43] is granted as to Atigun's Eighth Claim for Relief and denied as to Atigun's Ninth Claim for Relief; and it is

FURTHER ORDERED that Premier Oilfield Equipment Company's Motion to Dismiss [Doc. 45] is granted as to Atigun's Fourth, Sixth, Seventh, Eighth, and Tenth Claims for Relief and denied as to Atigun's Ninth Claim for Relief; and it is

FURTHER ORDERED that Defendants Tiger Oilfield Tank Company, LLC, Hy-Tech Truck & Trailer Manufacturing, LLC, Triple S Irrevocable Trust Fund, Gary Harms, Jr. and Cindy Harms' Motion to Dismiss [Doc. 46] is granted; and it is accordingly

FURTHER ORDERED that Atigun's Fourth, Sixth, Seventh, Eighth, and Tenth Claims for Relief are dismissed with prejudice.  Atigun's claims for breach of contract, breach of warranty, and breach of the implied covenant of good faith and fair dealing shall go forward against Defendants Tiger, Hy-Tech, and Premier.  Atigun's misrepresentation claim shall go forward against Defendants Tiger, Hy-Tech, Premier, and Gary Harms.  Atigun's Colorado Uniform Fraudulent Transfer Act claim shall go forward against all Defendants.

Dated:  August 1, 2014.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge